MANUEL BLÁZQUEZ-ACOSTA, Plaintiff and Appellant, v. LUIS HERNAIZ-VERONNE, JOSÉ S. ALEGRÍA-SANTOS, CELESTINA GALLARDO-VERONNE, ENRIQUE FERNÁNDEZ-PACHECO and EVA GALLARDO-VERONNE, Defendants and Appellees.

No. 3537. Argued April 2, 1925.—Decided July 30, 1925.

COSTS—CONTRACT.—When the payment of a sum for costs and attorney's fees in case of a legal action is agreed upon in a contract the court should impose in its judgment said costs and attorney's fees. The kind of proceeding followed is immaterial unless it was so stipulated, the important thing being that the creditor was compelled to resort to a legal action.

Second District Court of San Juan, Pablo Berga, J. Judgment for the plaintiff without costs. Modified.
Torres & Valldejuli for the appellant. R. Rivera Zayas and Félix Ochoteco, Jr., for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The essential question in this case is whether costs and attorney's fees must be imposed on the defendants according to the contract between the parties, or whether or not the trial court had discretion to impose them.

The suit was brought to recover an instalment due on a debt secured by a mortgage on various farms. When the mortgage was executed in addition to the debt a sum was further secured "for costs and attorney's fees in case of a legal action." The plaintiff did not follow the summary foreclosure proceeding to collect the instalment due, but elected the ordinary proceeding. The defendants objected,

alleging that the instalment could not be collected because the total debt was not due, basing their contention on a certain clause of the contract. After trial the court rendered judgment against the defendants without special imposition of costs. They appealed and their appeal was dismissed. The plaintiff also appealed on the question of costs and that appeal is now being considered.

To support the contention that the trial court erred in not imposing the costs the appellant cites the jurisprudence established in the case of *Cintrón & Aboy* v. *Solá,* 22 P.R.R 245, and the appellees reply that "from the moment the plaintiff rejected the summary proceeding and elected the ordinary proceeding provided for in the Code of Civil Procedure he waived the terms of the mortgage in respect to costs and the judge who tried the case acquired discretion to impose said costs and attorney's fees.

In the case cited of *Cintrón & Aboy* v. *Solá* this court, by Chief Justice Hernández, said:

"Respecting the imposition of costs, disbursements and attorney's fees, this is not a matter which can be governed in the present case by the provisions of the Code of Civil Procedure as amended by the Acts of March 1, 1905, and March 12, 1908, for it should be governed by the law of the contract as set out in the promissory note, whereby the solidary debtor, Marcelino Solá, bound himself to pay such costs and disbursements as might arise from proceedings to collect the debt, including the fees of the attorney employed by the creditor to bring the action."

These principles are entirely applicable. In the contract it was not stipulated that the costs would be paid if when resorting to a legal action the creditor should follow this or that procedure. A sum for costs was agreed to be paid in case of legal action. The parties had in mind a case where it would be necessary to resort to the courts to collect the debt and for such a general case the debtors agreed to pay the costs that should be occasioned by the creditor, since they were willing to secure and did secure by

a mortgage a fixed sum for that purpose. Clearly the costs and attorney's fees that should be paid are those actually incurred and proved in due form, within the stipulated amount.

See also the case of *Roig Commercial Bank* v. *Succession of E. Lugo Viñas, ante,* page 401.

In view of what has been said the appeal should be sustained and the judgment appealed from modified to the extent of imposing the costs on the defendants.